UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br> v. <br> SAUL HERNANDEZSILVA, et al., <br><br> Defendants. | Case No. 10-CV-0389 W (WVG) <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [DOC. 7]** |

     Pending before the Court is Plaintiff J & J Sports Productions, Inc.'s motion for default judgment against Defendants Saul Hernandezsilva, individually and d/b/a Senor Taquito ("Defendants"). The Court decides the matter on the papers submitted without oral argument. See Civil Local Rule 7.1(d.1). For the reasons outlined below, the Court **GRANTS** the motion [Doc. No. 7], and **AWARDS** Plaintiff $1,800.

//
//
//
//

## I. BACKGROUND

The facts as Plaintiff alleges are as follows.

Plaintiff is a California corporation that paid for the exclusive nationwide television distribution rights for *Miguel Cotto v. Michael Jennings/Kelly Pavlik v. Marco Antonio Rubio Championship Fight Program*, including all under-card bouts and fight commentary (the "Program"). (*Compl.* [Doc. 1], at ¶¶ 6, 9.) The Program was telecast nationwide on February 21, 2009. (*Id.*, at ¶ 9.)

In anticipation of the Program's telecast, Plaintiff entered into sublicensing agreements with various commercial entities such as hotels, racetracks, casinos, bars, taverns, restaurants, etc., throughout North America, including California. (*Compl.*, at ¶ 10.) The agreements granted these entities limited sublicensing rights to publicly exhibit the Program to patrons within their respective establishments. (*Id.*)

Defendant Saul Hernandezsilva is the "owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management" of Defendant Senor Taquito, located in Escondido, California. (*Compl.*, at ¶ 7.) According to Plaintiff, Defendants unlawfully intercepted the transmission of the Program and showed it to patrons at Senor Taquito. (*Id.*, at ¶ 12; *Affiant Decl.* [Doc. 7-3], at 2-3.) Investigator Travers, retained by Plaintiff, witnessed the unlawful broadcast. (*Id.*, at 2-3.)

On February 18, 2010, Plaintiff filed this lawsuit. The Complaint asserts two causes of action for violation of the Communications Act of 1934, 47 U.S.C. §§ 605 and 553, one cause of action for conversion, and one cause of action for violation of California Business & Professions Code §§ 17200, et seq. Defendants were, thereafter, served with the Summons and Complaint. (*See Proof of Serv.* [Doc. 4].) Defendants, however, did not respond to the Complaint, and Plaintiff obtained a clerk's entry of default against Defendants. (*See Clerk's Entry of Defaults* [Doc. 6].) Plaintiff then filed the pending motion for default judgment against Defendants.

## II. STANDARD.

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the court for default judgment. See Fed. R. Civ. P. 55(b)(2). Default judgment is available as long as the plaintiff establishes (1) defendant has been served with the summons and complaint, and default was entered for their failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. See, e.g., 50 U.S.C. § 521; Fed. R. Civ. P. 55; Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).

Entry of default judgment is within the trial court's discretion. See Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 660 (S.D. Cal. 1997) (Brewster, J.) (citing Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956)). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. E.g., Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981). 1997)). When it is necessary for the plaintiff to prove unliquidated or punitive damages, the court may require plaintiff to file declarations or affidavits providing evidence for damages in lieu

of a full evidentiary hearing. <u>Transportes Aereos De Angola v. Jet Traders Invest. Corp.</u>, 624 F.Supp. 264, 266 (D. Del. 1985).

### III. DISCUSSION

#### A. Plaintiff's Request for Default Judgment.

As a result of the default, the only issue remaining is the amount of damages. Because actual damages would be difficult to calculate, Plaintiff has elected to seek statutory damages under the Communication Act. (*P&A* [Doc. 7-1], at 4:26–5:2.)

Plaintiff urges the Court to award $110,800.00 in statutory damages. Plaintiff argues that such an award is justified to deter future violations, and because Defendants willfully violated the Communications Act.

Under sections 553(c) and 605(c), Plaintiff may recover an award of statutory damages up to $10,000 for each violation. 47 U.S.C. § 553(c)(3)(A)(ii), and § 605(d)(3)(C)(i)(II). Where the court finds that defendant's violation was willful and for purposes of commercial advantage or private financial gain, the court may increase the award by up to $50,000 under section 553, and up to $100,000 under section 605. <u>Id.</u> The Court must award reasonable attorney's fees and costs to the aggrieved party if they prevail. 47 U.S.C. § 605(d)(3)(B)(iii).

In evaluating whether to award enhanced damages, courts have relied on factors such as repeated violations, the intent to profit, and actual profit derived from the violations. <u>Kingvision Pay Per View, LTD v. Ortega</u>, 2002 WL 31855367, *2 (N.D.Cal. 2002). "Where events were broadcast on a single occasion to a small audience, and the plaintiff produces little or no evidence of financial gain, courts typically have awarded only the $1,000 statutory minimum." <u>Universal Sports Network v. Jimenez</u>, 2002 WL 31109707, * 1 (N.D.Cal. 2002).

Plaintiff has not alleged sufficient facts to support an enhancement of damages. Plaintiff does not allege repeated violations, does not claim that Defendants advertised the event, and offers only conclusory statements in support of its contentions that

1  Defendants realized financial gain from showing the Program.  (*See P&A*, at 14:10–
2  14:12; *Id.,* at 12:25–12:28.)  In addition, the Plaintiff concedes that only twenty-two
3  patrons were present when the Program was being broadcast and there was no cover
4  charge. (*Id.*, at 6:23–6:26, 6:26–6:27.)  Moreover, the Court is mindful that Senor
5  Taquito is a small establishment, accommodating up to 40 patrons. (*Affiant Dec.* [Doc.
6  7-3], at p.2.)

7  Based on these facts, an award of $110,800 would not simply punish Defendant,
8  but would likely drive Senor Taquito out of business. Under similar circumstances,
9  courts have awarded only the statutory minimum. See Universal Sports Network v.
10 Jimenez, 2002 WL 31109707 at *1-2.

11 For all of these reasons, the Court will award Plaintiff $1,800 in total damages.
12 This award is the equivalent of the license fee Senor Taquito should have paid for the
13 Program plus the statutory minimum of $1,000.

14

15 **B.    Plaintiff's Request for Attorney's Fees.**
16 In the notice of motion, Plaintiff's also requests attorney's fees and costs.  (*See*
17 *Notice* [Doc. 7], ¶6.)  However, Plaintiff did not identify the fees and costs incurred, and
18 accordingly the request will be denied without prejudice.

19 Plaintiff may file a motion for fees, and costs.  Any such motion should identify
20 the amount of fees and costs, include evidence of the fees and costs, and should attempt
21 to demonstrate that the amount of fees sought is reasonable.

22

23 **III.   CONCLUSION & ORDER**
24 In light of the foregoing, the Court **GRANTS** Plaintiff's motion for default
25 judgment against Defendants [Doc. 7] and **ORDERS** that judgment be entered in favor
26 of //
27 //
28

Plaintiff in the amount of $1,800 in damages.  Plaintiff's request for attorney's fees and costs is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: September 15, 2010

*[signature]*
Hon. Thomas J. Whelan
United States District Judge